# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Linda Agee,
    Plaintiff,

    Case Number: 10-10197

v.

    HON. NANCY G. EDMUNDS
Wells Fargo Bank,    UNITED STATES DISTRICT JUDGE
    Defendant.

    HON. VIRGINIA M. MORGAN
_____ /    UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS (#2)

This matter is before the court on the Motion of Defendant Wells Fargo Bank to Dismiss (#2). No response has been filed by plaintiff. Plaintiff, proceeding pro se, sued defendant in Admiralty, filing an Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim. Defendant seeks dismissal pursuant to F.R.C. P. Rule 12(b)(6) because plaintiff's complaint fails to state a claim upon which relief can be granted. Oral argument was held on the motion; plaintiff did not appear. For the reasons discussed in the Report, it is recommended that the motion be granted and the case dismissed.

**Standard of Review**

Defendant moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. Pro. 12(b)(6). In considering that motion, the court must determine whether plaintiff has demonstrated facts which accepted as true would state a claim for relief which is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court stated that "a plaintiff's

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (citations and quotation marks omitted). See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 127 S.Ct. at 1964-65 (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 127 S.Ct. at 1969.

**Factual Background**

In this case, plaintiff sues in Admiralty under the Savings to Suitors Clause, 28 USC 1333(1). (Complaint, p 1) Plaintiff alleges that she is "standing in my unlimited commercial liability as a Secured Party Creditor and request[s] that the Defendant(s) do the same and waive all of their immunities. I respectfully request the indulgence of this court as I am not schooled in law. This is provided by the precedent set by Haines v. Kerner at 404 U.S. 519." Id. From reading the complaint, it appears that this case arises from a state mortgage foreclosure action. It appears that plaintiff had a Mortgage which may have been assigned to

Wells Fargo. Plaintiff demands to inspect the "Original Mortgage Note, with wet ink signature along with the Title Page that shows whether or not the mortgage has been satisfied." (Complaint, Count 1) Plaintiff professes to give Wells Fargo 14 days to "cure its dishonor" by dismissing all claims against her, paying her $100,000 or all of her damages with "real money, surrender of any and all Public Hazard Bonds, other Bonds, Insurance Policies, 801K, or CAFRA Funds," or by providing proof of defendant's claims against plaintiff. (Complaint, pp3-4) Plaintiff accuses defendant of "theft, fraud, conspiracy, and/or racketeering." (Complaint p2)

At oral argument, counsel for Wells Fargo advised the court on the record that it appears that plaintiff's address given to the court is her residence. A loan was taken out and a mortgage was given on that house. Charter One Bank purchased that mortgage and assigned it to Wells Fargo. When payments were not received, foreclosure proceedings were initiated. Plaintiff is now in Chapter 7 bankruptcy proceedings and the Bankruptcy Court is dealing with the foreclosure action. It appears that the foreclosure action was suspended in February, 2010. No mailings have been returned as undeliverable from that address to date.

**Analysis**

As noted by plaintiff, courts have held in certain contexts that where a plaintiff is pro se, complaints are to be liberally construed and not to be held to the same stringent standard as formal pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972). Courts are reluctant to dismiss on procedural grounds alone. However, Rule 8(a) requires a short, plain statement of the claim. Each averment of a pleading is to be simple, concise and direct. Plaintiff's complaint fails to meet that standard. As has been recognized

by our circuit and others, despite liberal pleading requirements for pro se litigants, it is not the role of the court to guess the nature of the claim(s) asserted. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). See also, Nuclear Transportation & Storage, Inc. v. United States, 890 F.2d 1348 (6th Cir. 1989); Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986). In this case, no more than guessing could take place.

Plaintiff's statement of jurisdiction and proceeding in admiralty has no facial plausibility. There is no legal theory proffered upon which a valid legal claim could rest. In addition, the pleadings are a mixture of conclusions of law, irrelevant pejoratives, and random remarks. Under such circumstances, the case should be dismissed. *Abner v. SBC/Ameritech*, 86 Fed. Appx 958, 2004 WL 237438 (6th Cir. 2004), *Echols v. Voisine*, 506 F. Supp 15, 18 (E.D. Mich 1979).

**CONCLUSION**

Accordingly, it is recommended that the defendant's motion be granted and the case dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390,

401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: April 15, 2010

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Linda Agee, 14440 Carlisle, Detroit, MI 48205 via the Court's ECF System and/or U. S. Mail on April 15, 2010.

s/J. Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan